# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
A. S., a minor c/o her mother,    *
CHERYL HINES,    *    No. 15-868V
Guardian and personal representative, *    Special Master Christian J. Moran
                                  *
         Petitioner,    *
                                  *    Filed: March 24, 2016
v.    *
                                  *    HPV; Tdap; Meningococcal;
SECRETARY OF HEALTH    *    pain; cramps; hemorrhaging;
AND HUMAN SERVICES,    *    decision dismissing petition.
                                  *
         Respondent.    *
                                  *
* * * * * * * * * * * * * * * * * * * *

Peter J. Sarda, Creech Law Firm, Raleigh, NC, for petitioner;
Heather L. Pearlman, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION [1]

     Cheryl Hines filed a petition as mother and custodial guardian of A.S., minor petitioner, under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012), on August 12, 2015. Ms. Hines alleged in her petition that A.S. suffered pain, cramps, hemorrhaging, and in general, discomfort throughout her body, resulting from the HPV Quadrivalent vaccine, Tdap vaccine, and

---

     [1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Meningococcal vaccines administered on August 13, 2012. The information in the record, however, does not show entitlement to an award under the Program.

## I.    Procedural History

On September 21, 2015, petitioner filed medical records as well as her statement of completion and on October 28, 2015, she filed additional medical records. On November 18, 2015, respondent filed her Rule 4 report. In her report, respondent concluded petitioner failed to meet her burden of proving by preponderant evidence that the HPV, Tdap, and/or meningococcal vaccines administered to A.S. on August 13, 2012, caused any adverse reaction or injury.

On December 7, 2015, a status conference was held to discuss respondent's report and the additional medical records submitted by petitioner. At this time, it was unclear how petitioner was planning to proceed with the case, specifically whether petitioner was presenting a causation theory, an aggravation theory, or both. Thus, petitioner was ordered to file an amended petition and did so on February 16, 2016.

A status conference was held on February 24, 2016, to discuss petitioner's progress toward obtaining an expert report. Petitioner was reminded that to receive compensation under the National Vaccine Injury Compensation Program she must prove A.S. suffered a Table Injury or that A.S. suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). At this time, the record did not contain any evidence that A.S. suffered a "Table Injury" nor did it contain a medical expert's opinion or other persuasive evidence that indicated A.S.'s injuries are caused by the vaccines. Petitioner was ordered to file a medical expert report by March 25, 2016.

On March 17, 2016, petitioner filed a status report and stated she was unable to obtain a medical expert to testify that A.S.'s complaints are proximately caused by the vaccines. In addition, petitioner stated that further investigation into this claim would not be fruitful. This document responds to petitioner's conclusion.

## II.    Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that A.S. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually

2

caused by a vaccine.  See §§  300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that A.S. suffered a "Table Injury."  Thus, Ms. Hines is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records do not support Ms. Hines' claim on behalf of A.S., a medical opinion must be offered in support.  Ms. Hines, however, stated she was unable to locate a medical expert and thus will no longer investigate her claim.

Accordingly, it is clear from the record in this case that Ms. Hines has failed to demonstrate either that A.S. suffered a "Table Injury" or that A.S.'s injuries were "actually caused" by the vaccinations.  She has also not established a significant aggravation theory.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6350.


IT IS SO ORDERED.

S/Christian J. Moran
Christian J. Moran
Special Master
